**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **JEREMY L.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 1:25-cv-00153-KFW** |
| | ) | |
| **FRANK BISIGNANO, Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM DECISION**[1]

The Plaintiff in this Social Security Disability appeal contends that the Administrative Law Judge (ALJ) failed to evaluate properly the limitations stemming from his carpal tunnel syndrome. *See* Plaintiff's Brief (ECF No. 15). I agree and vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.[2]

## I. Background

The Plaintiff filed a claim for benefits in September 2020. *See* Record at 835. After his claim was denied at the initial and reconsideration levels, he requested a hearing before an ALJ. *See id.* That hearing took place in November 2021, following which the ALJ issued an unfavorable decision. *See id.* The Appeals Council denied the Plaintiff's request for review and he appealed to this Court, which remanded the

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 9.
[2] Because I am remanding on the carpal tunnel issue, I need not address the Plaintiff's other arguments.

matter by stipulation in May 2023. *See id.; Jeremy L. v. Kijakazi*, No. 1:22-cv-00394-LEW, ECF No. 14 (D. Me. May 2, 2023). On remand, the ALJ held another hearing in January 2024, following which he entered the decision at issue in this appeal finding that, through the date last insured, the Plaintiff had the severe impairments of degenerative disc disease, status post right ankle open reduction and internal fixation with residual tarsal tunnel, peripheral neuropathy, migraine headache disorder, and carpal tunnel syndrome of the right hand. *See* Record at 835, 838. Considering those impairments, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with additional limitations, including that he could frequently handle, finger, and feel with his right upper extremity. *See id.* at 843. The ALJ ultimately found that although the Plaintiff could not perform any of his past relevant work with such an RFC, he could perform other work existing in substantial numbers in the national economy and was therefore not disabled. *See id.* at 852-853. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-3, making that decision the final determination of the Commissioner, *see* 20 C.F.R. 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that

a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## III. Discussion

As mentioned, the ALJ found that the Plaintiff suffered from severe carpal tunnel syndrome of the right hand and limited him to frequent handling, fingering, and feeling with his right upper extremity. *See* Record at 838, 843. The Plaintiff contends that the ALJ exceeded his competency as a layperson in crafting this limitation in the absence of a medical opinion, *see* Plaintiff's Brief at 3-11, while the Commissioner argues that the limitation was a permissible commonsense determination, *see* Commissioner's Brief (ECF No. 22) at 6.

Generally, "an expert is needed to assess the extent of functional loss" unless the "evidence suggests a relatively mild impairment posing, to the layperson's eye, no significant restrictions." *Roberts v. Barnhart*, 67 F. App'x 621, 622-23 (1st Cir. 2003) (cleaned up). Put another way, an "expert's RFC evaluation is required where the record is sufficiently ramified that understanding it requires more than a layperson's effort at a commonsense functional capacity assessment." *Id.* at 623 (cleaned up).

As a medical layperson myself, I have no trouble concluding that the record in this case regarding the Plaintiff's carpal tunnel syndrome was too ramified for the ALJ to assess the related limitations by common sense. The agency nonexamining experts did not find carpal tunnel syndrome to be a medically determinable impairment and did not assess any manipulative limitations. *See* Record at 65-67, 73-75. The evidence postdating those experts' reviews included, as the ALJ noted, a September 2021 nerve conduction study demonstrating mild to moderate bilateral carpal tunnel syndrome, a June 2022 right carpal tunnel release surgery, and a second right carpal tunnel release surgery in April 2023. *See id.* at 847-48. At a consultative examination in August 2023, the Plaintiff "could shuffle papers, use a pen, manipulate a coin," could button/unbutton and use a zipper with "difficulty," and "could turn a doorknob with" his "left hand only." *Id.* at 1230. The consultative examiner opined that the Plaintiff had unspecified "limitations with grasping, handling, fingering and feeling due to pain with repetitive movements in right hand (typing[,] for example, [is] difficult)." *Id.* at 1231.[3]

The ALJ explained that he "added the limitations of frequent handling, fingering, and feeling with the right upper extremity" based on the consultative examiner's opinion and "the findings regarding the" Plaintiff's right carpal tunnel,

[3] At oral argument, the Commissioner emphasized that this case is similar to a case cited in his brief: *González-Álvarez v. Commissioner of Social Security*, No. 23-1211 (MEL), 2024 WL 4274795 (D.P.R. Sept. 24, 2024). In *González-Álvarez*, the court found that the ALJ could assess a limitation to frequent handling and fingering based on a commonsense view of the mild medical findings, which showed a "lack of functional limitations in the [claimant's] hands in a manner that would be apparent even to a layperson." *Id.* at *3-4 (cleaned up). I find *González-Álvarez* readily distinguishable because the medical findings here are not so mild and the evidence does not demonstrate an obvious lack of functional limitations.

but that greater manipulative limitations were not supported in light of the Plaintiff's "generally good" grip and pinch strength. *Id.* at 850. The problem is that the ALJ was not qualified to interpret the complicated medical records regarding the Plaintiff's right carpal tunnel syndrome, nor was he qualified to translate the consultative examiner's vague limitations into specific vocational limitations. *See Page v. Berryhill*, No. 1:16-cv-00626-JDL, 2017 WL 5153401, at *5 (D. Me. Nov. 7, 2017) (rec. dec.) (holding that an ALJ was not qualified, in the absence of an expert opinion, to determine that a claimant with severe carpal tunnel syndrome could "engage in frequent use of his hands"), *aff'd*, 2017 WL 6045424 (D. Me. Dec. 6, 2017); *Joseph D. P. v. Saul*, No. 1:20-cv-00146-NT, 2021 WL 838888, at *3 (D. Me. Mar. 5, 2021) (rec. dec.) (holding that translating a consultative examiner's vague restrictions into specific RFC limitations is not a matter of common sense), *aff'd*, 2021 WL 1135020 (D. Me. Mar. 24, 2021).

Because the ALJ improperly relied on his own interpretation of medical records when assessing the limitations flowing from the Plaintiff's carpal tunnel syndrome, his RFC assessment is not supported by substantial evidence. That error, in turn, undermined his Step 5 findings that the Plaintiff could perform jobs existing in substantial numbers in the national economy. *See* Record at 853 (finding, at Step 5, that the Plaintiff was capable of performing the representative jobs of photocopy machine operator and mail clerk); *Dictionary of Occupational Titles* (DOT) §§ 207.685-014, 209.687-026 (4th ed., rev. 1991) (noting that the jobs of photocopy machine operator and mail clerk require frequent handling and fingering). Reversal

and remand are therefore required.

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

Dated: September 24, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge